On September 15, 1997, appellant was indicted on charges of aggravated burglary (including a firearm specification) and domestic violence in violation of R.C. 2911.11(A) (1), 2941.145, and2919.25(A), respectively. Those charges arose out of events which occurred on June 5, 1997. In a third count, appellant was also charged with intimidation of a crime victim or witness in violation of R.C. 2921.04(B). This count concerned events which occurred on August 24, 1997 during proceedings in Toledo Municipal Court. According to the judge's remarks at sentencing and the description of the offense provided in the discloseable portion of the presentence investigation report, defendant threatened his wife and his girlfriend while they were waiting to testify against him. According to the presentence report:
 "[T]he defendant, who was seated behind the glass partition in the holding cell, mouthed to both victims that `he was going to get them. Just wait until I get out.' Both victims stated that the defendant spoke loud [sic] enough that anyone in the Courtroom could have heard him. * * *"
On April 27, 1998, appellant entered a no contest plea to the third count, intimidation of a crime victim or witness, a third degree felony. In return, appellee, state of Ohio, was to dismiss, by nolle prosequi at sentencing, the remaining counts of the indictment.
The trial court referred appellant for a presentence investigation report. The presentence report included appellant's prior criminal record, which showed one felony and one misdemeanor conviction as a juvenile, and eleven misdemeanor convictions as an adult. While he was not convicted of all of them, five of the charges involved domestic violence. Also, an anti-stalking order had been imposed for alleged aggravated menacing on August 21, 1997.
The trial court conducted the sentencing hearing on May 28, 1998. In mitigation, appellant's counsel asserted that appellant would not contact the complainants. Counsel further maintained that appellant had potential employment to support his children with each woman. The trial court, nonetheless, sentenced appellant to serve a maximum term of five years in prison.
Appellant now appeals that sentence, setting forth this single assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION SENTENCING [APPELLANT] TO THE MAXIMUM SENTENCE AND ERRED BY FAILING TO COMPLY WITH R.C. 2929.12 AND 2929.13."
The sentencing guidelines in R.C. 2929.12(C) do not provide a presumption of either a prison sentence or community control for third degree felonies. A defendant has no appeal as of right merely because a prison term is imposed for a third degree felony under R.C. 2929.13(C). R.C. 2953.08(A).
However, appellant may appeal a maximum sentence imposed for one offense, regardless of the degree of the offense, as a matter of right under R.C. 2953.08(A) (1). Pursuant to R.C.2953.08(G), this court may either vacate the sentence and remand the matter for resentencing or otherwise modify the sentence if we clearly and convincingly find any of the following relevant criteria:
"(a) That the record does not support the sentence
"* * *
"* * *
"(d) That the sentence is otherwise contrary to law."
To decide whether to impose a prison sentence for a third degree felony, R.C. 2929.13(C) directs a trial court to comply with the purposes and principles of sentencing under R.C.2929.11 and the seriousness and recidivism factors defined in R.C.2929.12. R.C. 2929.14(C) allows a maximum prison term for a single offense to be imposed upon (1) those who commit the worst forms of the offense, (2) those who pose the greatest likelihood of committing future crime, (3) repeat violent offenders, and (4) major drug offenders. If a trial court imposes a maximum prison sentence on an offender who is not a repeat violent offender or major drug dealer, the sentencing judge must explain the reasons on the record. R.C. 2929.19(B) (2) (d).
For the reasons that follow, we conclude that the trial court complied with each statutory requirement. In our view, the record clearly and convincingly supports the maximum sentence of five years imposed by the trial court.
(1) R.C. 2929.11 Purposes and Principles of Sentencing
Pursuant to R.C. 2929.11, the trial court specifically noted in its judgment entry that prison was consistent with the purposes of R.C. 2929.11, which delineates the overriding purposes of felony sentencing. Those purposes are to protect the public from future crime and to punish the offender. R.C. 2929.11(A).
The trial court observed that appellant would reoffend, sooner rather than later, if he were not incarcerated. Protecting the public from future crime by the offender and considering the need to incapacitate the offender are two of the criteria listed in R.C. 2929.11.
(2) R.C. 2929.12 Factors in felony sentencing
The trial court indicated in its judgment entry that it had balanced the seriousness and recidivism factors defined in R.C. 2929.12 to impose a prison sentence for appellant's third degree felony offense. However, appellant argues that before imposing the maximum sentence, the trial court should have considered the appropriate factors of R.C. 2929.12 to determine whether appellant had committed the worst form of the offense or whether appellant was likely to reoffend.
We disagree. The analysis required by R.C. 2929.12 to determine whether a prison term should be imposed is not necessarily the equivalent of the analysis needed to impose a maximum term of imprisonment under R.C. 2929.14(C).
The trial court reviewed the impact upon the victims in question to evaluate whether appellant's conduct was more or less serious than conduct normally constituting the offense. R.C.2929.12(B) (2). Both appellant's wife and appellant's girlfriend submitted a statement to the court explaining the harm appellant had caused by prior acts of domestic violence, including the disruptive nature of these and previous trial proceedings.
While the trial court did not make any specific findings that relevant factors existed to make his conduct either more serious or less serious than conduct normally constituting the offense, it is not limited by the seriousness or recidivism factors specifically set out in R.C. 2929.12. R.C. 2929.12(A) allows a trial court to consider any other factors that are relevant to achieving the purposes and principles of sentencing.
In evaluating recidivism, the trial court considered two of the factors delineated in R.C. 2929.12(D) as tending to show repeat offenses were likely to occur. First, the trial court weighed appellant's lengthy criminal record, consisting of one felony and twelve misdemeanor convictions, as set out in R.C.2929.12(D) (2); see R.C. 2929.12(D) (3). Second, the trial court noted that appellant had not shown favorable rehabilitation from sanctions previously imposed for multiple offenses as demonstrated by employment and education records. R.C. 2929.12(D) (3). In particular the court found:
 "Maybe you think it's a matter of machismo to threaten people, to intimidate people, to beat them, but it's not — * * * — there is a recurring pattern in your life with regard to that; the number of people that you have abused and your contempt for them, and ultimately your contempt for the judicial process, and it's going to come to a screeching halt here today."
The trial court also considered appellant's custodial status when he appeared in court to threaten the victims on August 24 1997. Because the import of R.C. 2929.12(D) (1) is to consider whether a person is under the supervision of the criminal justice system because of another offense when committing another, we cannot conclude the trial court erred by considering the fact appellant was in custody at the time of the offense an a relevant factor. Based on our review of the criteria listed in R.C. 2929.12(E) (1)-(5), we can see no countervailing evidence suggesting that the offender was not likely to commit future crimes.
(3) Maximum Sentence
R.C. 2929.14 guides trial courts in imposing prison terms. Here, the trial court declined to impose a minimum term upon appellant, who had not previously served a prison term. The trial court found that the shortest prison term would demean the seriousness of appellant's conduct and not adequately protect the public from future crime by appellant or others. Consequently, the trial court fulfilled the criteria of R.C. 2929.14(B) to impose a prison sentence that was longer than one year, the minimum authorized for a third degree felony. See R.C.2929.14(A).
Finally, the trial court stated in its judgment entry imposing the maximum sentence of five years that appellant posed the greatest likelihood of recidivism. Under R.C. 2929.14(C), the trial court must find that a defendant, other than a repeat violent or major drug offender, either committed the worst form of the offense or posed the greatest likelihood of committing future crime. The trial court satisfied that requirement and the record supports its finding by clear and convincing evidence in this case.
We note that during the sentencing hearing, the trial court also found that appellant's conduct constituted "the worse [sic] form of the offense possible * * * These were threats communicated to these women literally inside a courtroom." As the trial court noted, either a finding that appellant had committed the worst form of the offense or posed the greatest likelihood of committing future crimes was sufficient to justify the maximum sentence.
Accordingly, appellant's sole assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
 ________________________________ Mark L. Pietrykowski, J.
JUDGE
CONCUR.